MARY C. FITZGERRELL

*v.*

YOUNG TURNER, Admr.

*Opinion filed October 23, 1906.*

1. EXECUTORS AND ADMINISTRATORS—*when probate court may order sale of land.* Where a decedent·is seized of·the legal or equitable title to land, payment for which has not been completed and cannot be made by the estate to its advantage, the probate court, under section 111 of the Administration act, may order a sale of the land; but the purchaser at the sale merely takes the place of the decedent and his heirs, and is entitled to a conveyance upon payment of the balance due on the purchase price.

2. SAME—*what constitutes a title which may be sold.* One who has been for many years in possession of land under a bond for deed has a title which may be sold, under section 111 of the Administration act, even though the notes for the purchase money were not paid when due, where the bond for deed has not been forfeited and payments have been made from time to time, which were accepted as payments on the purchase price.

WRIT OF ERROR to the Probate Court of St. Clair county; the Hon. FRANK PERRIN, Judge, presiding.

J. S. FITZGERRELL, and L. D. TURNER, for plaintiff in error.

R. H. HORNER, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Claims to the amount of $433 were allowed by the probate court of St. Clair county against the estate of Robert Colyier, deceased, who died intestate on January 15, 1903. Colyier had been in possession of three lots in Lebanon, in said county, for a period of thirty-five years as purchaser under a bond executed by Jonathan Moore to him, conditioned for the conveyance of said lots upon payment of three promissory notes aggregating $250, with interest thereon,

the bond and notes being dated September 21, 1868. Colyier had made payments on the purchase price but had not paid the notes in full. After executing the bond Jonathan Moore made a conveyance of the lots to his daughter, Mary C. Fitzgerrell. The administrator filed his petition in the probate court, alleging that the deceased left no known heirs or widow and no personal estate, and that he died seized of the equitable title to the lots, and asking for an order to sell said lots to pay the debts proved against the estate. Mary C. Fitzgerrell was made a defendant, together with the unknown heirs of Colyier, and she appeared and answered. Upon a hearing the court found the facts as above stated, and that there was due to Mary C. Fitzgerrell on December 2, 1905, $163.50 as the balance of the purchase price. Mary C. Fitzgerrell sued out the writ of error in this case and asks to have the decree reversed on two grounds: First, because Robert Colyier had not such an interest in the lots as would authorize the sale of the same to pay debts; and second, because said sum of $163.50 was allowed to her as a claim against the estate, although she filed no claim.

Section 111 of the Administration act authorizes the probate court to order the sale of real estate of which a decedent is seized with a legal or equitable title, where the payment for the same has not been completed and the estate is not able to make complete payment with advantage to the estate. The facts of this case bring it within the provisions of that section. But plaintiff in error urges that Colyier had no equitable interest in the premises for the reason that the bond had been forfeited. The notes were not paid when due, but the record does not show that there had been any forfeiture. Colyier had been in possession under the bond for thirty-five years, and had been making payments which were accepted as payments on the purchase price. The items of account were in evidence and the court found the amount due, and there is no complaint that the amount so found was not correct.

Plaintiff in error says that the balance of the purchase price was allowed as a seventh-class claim against the estate, and that she can only share *pro rata* with other claims, which would be unjust. This is a misapprehension, since the court did not make any allowance against the estate or order the claim paid. A purchaser at the sale would merely take the place of Robert Colyier and his heirs and would be entitled to a conveyance from plaintiff in error upon making payment of the balance of the purchase price. That was the purpose of finding the amount that was due, and by that finding the rights of the parties and the interest of the estate were fixed and determined.

There is no error in the record, and the decree is affirmed.

*Decree affirmed.*